No. 25,987.

CHARLES W. WAITS, *Appellee,* v. J. P. KELLEY, W. T. GRAY and
FRANK S. SULLIVAN, as the School Board of District No. 2, in
Meade County, *Appellants.*

### SYLLABUS BY THE COURT.

SCHOOLS—*Transportation of Pupils—Compensation.* A statute providing that
a school-district board, in lieu of itself furnishing transportation for pupils
living more than three miles from the schoolhouse, "shall allow, as com-
pensation for the conveyance of pupils to and from the school to the parent
or guardian of any pupils living three or more miles from the school at-
tended, a sum not less than fifteen cents per day," is held to contemplate
the payment of at least fifteen cents a day for each child conveyed, even
though several may belong to the same family.

Appeal from Meade district court; LITTLETON M. DAY, judge. Opinion filed
June 6, 1925. Affirmed.

*Frank S. Sullivan,* of Meade, for the appellants.

*C. C. Wilson,* of Meade, for the appellee.

The opinion of the court was delivered by

MASON, J.: This action is brought under the declaratory judg-
ment act (R. S. 60-3127) to determine whether a per diem allowance
on the one hand of 15 cents for each pupil conveyed to school, or on
the other of 15 cents for all the children of one family so conveyed, is
intended by the statute providing that a school-district board in
lieu of itself furnishing transportation for pupils living three or more
miles from the school they attend, "shall allow, as compensation for
the conveyance of pupils to and from the school to the parent or
guardian of any pupils living three or more miles from the school at-
tended, a sum not less than fifteen cents per day." (R. S. 72-601.)

The plaintiff has six children whom he regularly conveys to and
from the school, the distance one way being over three miles. The
district court held that he was entitled to a minimum allowance of
ninety cents a day therefor. The school-district board appeals, in
order to obtain a final ruling as to the effect of the statute quoted.

There is little in any decided case or in the history of the legisla-
tion to aid in arriving at the interpretation of the statute. The
language is ambiguous, and the court must give it effect according to
what seems the weight of probability as to what the legislature in-
tended. Obviously, the cost of conveying six children to school is

not likely to be six times as much as that of conveying one of them, but it is equally obvious that carrying the additional children might, and presumably would, add something to the expense. Inasmuch as the statute provides no basis for establishing a rate in such a case as the present, somewhere between fifteen cents and ninety, we think it probable the legislature intended the minimum payment to be fifteen cents per capita rather than a single fare of that amount for the entire group.

The judgment is affirmed.